
**Todd M. Friedman (216752)**
**Darin Shaw (251037)**
**Law Offices of Todd M. Friedman, P.C.**
**369 S. Doheny Dr. #415**
**Beverly Hills, CA 90211**
**Phone: 877 206-4741**
**Fax: 866 633-0228**
**tfriedman@attorneysforconsumers.com**
**dshaw@attorneysforconsumers.com**
**Attorney for Plaintiff**

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAREN HANDY,** | ) Case No. |
| Plaintiff, | ) |
|  | ) **COMPLAINT FOR VIOLATION** |
| vs. | ) **OF FEDERAL FAIR DEBT** |
|  | ) **COLLECTION PRACTICES ACT** |
|  | ) **AND ROSENTHAL FAIR DEBT** |
| **PRIMARY FINANCIAL SERVICES, L.L.C.,** | ) **COLLECTION PRACTICES ACT** |
|  | ) |
| Defendant. | ) |
| _____ | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k (d).

## III. PARTIES

3. Plaintiff, Daren Handy ("Plaintiff"), is a natural person residing in Kern county in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

4. At all relevant times herein, Defendant, Primary Financial Services, L.L.C., ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## IV. FACTUAL ALLEGATIONS

5. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

6. In October 2010, Defendant initially contacted Plaintiff in connection with an attempt to collect an alleged debt.

7. Defendant contacted Plaintiff at times that were known or should have been known to be inconvenient, including but not limited to, calls made to Plaintiff's work, despite being told that calls to his work were against his employer's policies.

8. Defendant contacted Plaintiff with such a frequency as to constitute harassment under the circumstances, including but not limited to, calls made on October 12, 2010 at 403pm, October 13, 2010 at 320pm, October 15, 2010 at 920am, 921am, November 11, 2010 at 1206pm, November 15, 2010 at 629pm, November 26, 2010 at 155pm, December 3, 2010 at 223pm, December 18, 2010 at 858am, December 22, 2010 at 305pm, December 27, 2010 at 446pm, December 31, 2010 at 212pm, January 3, 2011 at 435pm, January 10, 2011, 542pm and January 14, 2011 at 214pm.

9. On more than one occasion, Defendant contacted Plaintiff on his work phone and falsely represented that the call was regarding a business matter, even though it was an attempt to collect a debt and regarding a business matter that was not related to his work.

10. Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code §1788.11(d));

b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code §1788.11(e));

c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§1692d(5));

d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e) Failing to notify Plaintiff during the initial communication with Plaintiff that the communication was an attempt to collect a debt and any information obtained would be used for that purpose (§1692e(11)); and

f) Failing to notify Plaintiff during each collection contact that the communication was from a debt collector (§1692e(11)).

11.  As a result of the above violations of the FDCPA and RFDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

12. Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

   A. Declaratory judgment that Defendant's conduct violated the FDCPA;
   B. Actual damages;
   C. Statutory damages;
   D. Costs and reasonable attorney's fees; and,
   E. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates by reference all of the preceding paragraphs.

14. To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

15. Further, *§1788.17* of the RFDCPA mandates that every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code statutory regulations contained within the FDCPA, *15 U.S.C. §1692d, and §1692d(5).*

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

 A. Declaratory judgment that Defendant's conduct violated the RFDCPA;

 B. Actual damages;

 C. Statutory damages for willful and negligent violations;

 D. Costs and reasonable attorney's fees,

 E. For such other and further relief as may be just and proper.

## **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 23rd day of April, 2011.

    By: /s Todd M Friedman
      **Todd M. Friedman (216752)**
      **Law Offices of Todd M. Friedman, P.C.**
      **369 S. Doheny Dr. #415**
      **Beverly Hills, CA 90211**
      **Phone: 877 206-4741**
      **Fax: 866 633-0228**
      **tfriedman@attorneysforconsumers.com**
      **Attorney for Plaintiff**